IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

GRETA TREMMEL and
JENNIFER PIRAINO

    Plaintiff,

v.

BOCA VIEW CONDOMINUM
ASSOCIATION, INC., DIANA KUKA,
and POINTE MANAGEMENT GROUP, INC.

    Defendant

_____/

## COMPLAINT

**COMES NOW**, Plaintiffs, GRETA TREMMEL and JENNIFER PIRAINO, by and through the undersigned counsel, sues the Defendants, BOCA VIEW CONDOMINUM ASSOCIATION, INC., DIANA KUKA, and POINTE MANAGEMENT GROUP, INC., and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 11 U.S.C. § 1331 and 42 U.S.C § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. The venue is proper in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

### PARTIES

3. Plaintiffs, GRETA TREMMEL and JENNIFER PIRAINO (hereinafter "TREMMEL" and "PIRAINO"), are residents of the State of Florida, and are otherwise *sui juris*.

4. Plaintiff, PIRAINO, at all times material, was working as an ICU Nurse during the COVID-19 pandemic. Based on her association with COVID-19 patients, PIRAINO is considered "regarded as" a person with a "handicap" under 42 U.S.C. § 3602(h).

5. At all times material, Plaintiff, TREMMEL, was associated with a person "regarded as" having a disability and accordingly, is a covered person under 42 U.S.C. § 3604(f).

6. Defendant, BOCA VIEW CONDOMINIUM ASSOCIATION, INC. (hereinafter "BOCA VIEW"), is a Florida not for profit corporation existing to operate a 72 residential unit condominium association, located at 1000 Spanish River Rd, Boca Raton, FL 33432.

7. Defendant, DIANA KUKA (hereinafter "KUKA"), at all times material, was and is the President of BOCA VIEW, is a resident of the State of Florida, and is otherwise *sui juris*.

8. All acts by KUKA were done in her own capacity and in her capacity as the President of BOCA VIEW.

9. Defendant, POINTE MANAGEMENT GROUP, INC. (hereinafter "POINTE MANAGEMENT"), is a Florida for profit corporation existing as a property management company. At all times material, POINTE MANAGEMENT was and is managing the properties owned by BOCA VIEW.

10. The rental unit at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## GENERAL ALLEGATIONS

11. On April 24, 2020, PIRAINO applied to rent Unit 1B, which belonged to TREMMEL. The rental application was submitted to Rose Watkins ("Watkins"), who was employed

    by POINTE MANAGEMENT.

12. TREMMEL then received a call from KUKA, the President of BOCA VIEW, who asked about PIRAINO's line of work. TREMMEL told KUKA that PIRAINO was employed as an ICU Nurse.

13. During this phone call, KUKA told TREMMEL that she did not want nurses to move into the building.

14. Additionally, on April 24, 2020, Gilbert Spigelman ("Spigelman") and Fabricia Resende ("Resende") went to BOCA VIEW to tour two units. Spigelman and Resende told the BOCA VIEW maintenance manager that they were interested in Unit 1B but knew it was going to be rented out to PIRAINO. The maintenance manager told Spigelman and Resende that PIRAINO would likely not be approved because "she's a nurse and the board is concerned about her infecting the building."

15. On April 27, 2020, during a phone call, Watkins told PIRAINO that POINTE MANAGEMENT was not processing her application "due to everything going on in the world." PIRAINO did not receive a formal denial letter.

16. On April 27, 2020, TREMMEL called Eric Estebanez, the President of POINTE MANAGEMENT, to inquire about why PIRAINO's application was denied, but he did not provide her with an explanation and said he was simply following orders.

17. Plaintiffs repeatedly contacted the board via email, letters, and even protests outside the building, but received no explanation for the denial of the rental application.

18. MLS listings show that a unit within BOCA VIEW, Unit 3H, was placed under contract on April 16, 2020, and had a rental date beginning on May 5, 2020. Another unit, Unit 3T, was placed under contract on March 4, 2020, and was sold on April 20, 2020.

19. Plaintiffs' filed their complaint with the United States Department of Housing and Urban Development in April of 2020, and received a finding on September 19, 2024.

20. Plaintiffs have retained the Nova Southeastern University Shepard Broad College of Law's Disability Inclusion and Advocacy Law Clinic to represent them, and Plaintiffs are entitled to recover attorney's fees, costs, and other expenses from the Defendants.

21. Plaintiffs have complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent have been waived.

22. Pursuant to 42 U.S.C. § 3604(f)(1), it is unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter."

23. 25. Defendants, BOCA VIEW, DIANA KUKA, and POINTE MANAGEMENT denied housing to PIRAINO because of her association with people with disabilities or people with perceived disabilities.

24. Defendants, BOCA VIEW, DIANA KUKA, and POINTE MANAGEMENT were personally involved, and/or had authorized or ratified each and every discriminatory act and denial of the rental of the property herein.

25. Defendants' conduct in denying TREMMEL the right to sell her property because of PIRAINO being "regarded as" having a disability due to her employment as an ICU Nurse during the COVID-19 pandemic is discriminatory and unlawful.

26. Defendants acted in total and reckless disregard and were indifferent to the Plaintiffs' rights.

27. As a result of this unlawful discrimination, TREMMEL suffered actual damages. Additionally, PIRAINO suffered actual damages, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiffs, GRETA TREMMEL and JENNIFER PIRAINO, demand judgment against Defendants, BOCA VIEW CONDOMINUM ASSOCIATION, INC., DIANA KUKA, and POINTE MANAGEMENT GROUP, INC, to declare that the actions of the Defendants violated the Fair Housing Amendments Act, by discriminating against persons "regarded as" having disabilities; and award compensatory and punitive damages, and their attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY TRIAL FOR ALL ISSUES SO TRIABLE.**

**Dated this 24 day of June, 2025.**

By: /s/___Matthew Dietz_____
Matthew W. Dietz, Esq.
Fla. Bar No.: 0084905
*Attorney for the Plaintiff*
Disability Inclusion & Advocacy Law Clinic
Nova Southeastern University
Shepard Broad College of Law
3305 College Avenue,
Fort Lauderdale, FL 33314
Tel: (954) 262 – 6138
Email: mdietz@nova.edu