UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-cv-80794-Middlebrooks/Matthewman

GRETA TREMMEL and JENNIFER PIRAINO,

    Plaintiffs,

v.

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.;
DIANA KUKA, and POINTE MANAGEMENT
GROUP, INC.;

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, BOCA VIEW CONDOMINIUM ASSOCIATION, INC., DIANA KUKA and POINTE MANAGEMENT GROUP, INC., ("Defendants"), by and through undersigned counsel, move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support, Defendants state:

**INTRODUCTION**

In this Fair Housing Act ("FHA") lawsuit claiming discrimination based on disability, Plaintiff Jennifer Piraino, an ICU Nurse, claims that she was denied a rental at the outset of the COVID-19 pandemic based on her association with COVID-19 patients. Plaintiff Greta Tremmel, the owner of the rental unit, claims that she was discriminated against based on her association with Piraino.

The Complaint does not allege that either Plaintiff is (or was) disabled, within the meaning of the FHA. Instead, Plaintiffs allege that (1) Piraino is "regarded as" disabled based on

her association with COVID-19 patients, and (2) that Tremmel is "associated with" Piraino, who Plaintiffs allege is "regarded as" disabled based on her own association. Compl., (ECF No. 1) at ¶¶ 4, 23, 25.

Each claim is plainly foreclosed by long-standing and well-established jurisprudence, including binding Eleventh Circuit precedent. Medical professionals like Piraino are not "regarded as" disabled based on their association with unspecified patients. And third parties like Tremmel have no cause of action for discrimination based on their association with persons "regarded as" having a disability. And, although the Complaint does not expressly allege this theory, it is equally well-established that perceived future susceptibility to COVID-19 infection or transmission is not a "disability" under federal antidiscrimination laws.

Plaintiffs' theory of liability is fatally flawed. It cannot be remedied with amendment. For the following reasons, Defendants respectfully request that the Complaint be dismissed, with prejudice.

## ALLEGATIONS OF THE COMPLAINT

According to the Complaint, Plaintiff Piraino was an ICU nurse during the COVID-19 pandemic. Compl., (ECF No. 1) at ¶¶ 4. Plaintiffs allege that "[b]ased on her association with COVID-19 patients, PIRAINO is considered 'regarded as' a person with a 'handicap' under 42 U.S.C. § 3602(h)." *Id*.

The Complaint alleges that on April 24, 2020, during the initial outbreak of the COVID-19 pandemic in the United States, Plaintiff Piraino applied to rent a unit owned by Plaintiff Tremmel *Id*. at ¶¶ 4, 11.

The Complaint claims that Defendant Kuka, who was President of Defendant Boca View, told Plaintiff Tremmel that she [Ms. Kuka] did not want nurses to move into the building. *Id*. at ¶

13. The Complaint then alleges that Boca View's maintenance manager said that Piraino's application "would likely not be approved because she's a nurse and the board is concerned about her infecting the building.'" *Id*. at ¶ 14. Finally, the Complaint alleges that a Pointe Management employee stated that Piraino's application was not processed "due to everything that is going on in the world." *Id*. at ¶¶ 14-15.

Based on these allegations, Plaintiffs sued Ms. Kuka (individually), Boca View, and Pointe Management under 42 U.S.C. § 3604(f)(1) of the Fair Housing Act ("FHA"), claiming that the Defendants denied housing to Piraino based on a "handicap," specifically "her association with people with disabilities or perceived disabilities."[1] *Id*. at ¶¶ 22-23.

Tremmel's claim is based on the alleged denial of Tremmel's right to "sell" her property[2] "because of Piraino being 'regarded as' having a disability due to her **employment** as an ICU Nurse during the COVID-19 pandemic." *Id*. at ¶ 25 (emphasis added).

I.     **Applicable Legal Standards**

While defendants dispute the Complaint's factual allegations, they acknowledge that for purposes this motion, the allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021). The Complaint must still allege sufficient facts, if accepted as true, to state a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the pleaded factual content allows the

---

[1] Plaintiffs make reference to a complaint filed with the United States Department of Housing and Urban Development ("HUD") on April of 2020, but omit that HUD dismissed the complaint upon a finding that no reasonable cause existed to believe that a discriminatory housing practice occurred.

[2] The Complaint does not allege any facts supporting Tremmel's inability to sell her unit.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Legal conclusions must be supported by factual allegations. *Id*. at 664.

Although the Eleventh Circuit has never expressly set forth the elements of a Section 3604(f)(1) claim, a plaintiff must demonstrate "that the defendant actually intended or was improperly motivated in [their] decision to discriminate against **persons protected by the FHA** (Fair Housing Act)." *Root v. Salazar*, 2018 WL 11478563 at *3 (M.D. Fla. Aug. 15, 2018) (internal citations omitted).

Due to the similarity of the protections for individuals with disabilities under the Americans with Disabilities Act ("ADA") and FHA, courts often analyze the two statutes as one. *Sailboat Bend Sober Living, LLC v. City of Ft. Lauderdale, Fla.*, 46 F.4th 1268, 1275 (11th Cir. 2022).

**II.     Memorandum of Law**

Plaintiffs' stated theory is that Piraino was "regarded as" a person with a handicap, under the FHA, based on her "association with COVID-19 patients." *Id*. at ¶ 4. Plaintiffs allege that Tremmel is covered under the FHA because she was "associated with a person 'regarded as' having a disability," to wit, Piraino. *Compare* Compl. at ¶¶ 4, 5, 23, 25. Both theories are foreclosed by binding Eleventh Circuit precedent.

**A.  Plaintiffs fail to state claims for "associational" discrimination.**

It is well-established that medical professionals like Piraino do not have "associational" claims for discrimination based on their relationships with unspecified disabled patients. The Fourth Circuit considered, and rejected, this exact type of antidiscrimination claim in *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205 (4th Cir. 2002). In *Freilich*, the Fourth Circuit affirmed the dismissal of ADA claims brought by a physician, who alleged that she was

terminated because of her advocacy for her dialysis patients. *Id*. at 216. The *Freilich* court rejected the physician's legal theory that her termination gave rise to an association discrimination claim under the ADA:

> She further alleges that she was "denied equal use of facilities, privileges, advantages, or other opportunities because of her association with and her relationship to patients with disabilities."
>
> But such generalized references to association with disabled persons . . . are not sufficient to state a claim for associational discrimination under the ADA. Every hospital employee can allege at least a loose association with disabled patients. To allow [the plaintiff physician] to proceed on such a basis would arm every hospital employee with a potential ADA complaint. A step of that magnitude is for Congress, not this Court, to take.

*Id*.

The Eleventh Circuit approved and adopted the *Frelich* Court's reasoning and holding in *EEOC v. STME, LLC*, 938 F.3d 1305 (11th Cir. 2019).  The *STME* decision is controlling and dispositive here.

In *STME*, a massage therapist was fired after she refused to cancel a trip to Ghana. 938 F.3d at 1311. Based on recent Ebola outbreaks in neighboring countries, the therapist's employer terminated her, based on their concern that that she might contract and spread Ebola if she made the trip. *Id.* The EEOC sued on the therapist's behalf, alleging that (1) her employer *regarded her* as disabled **"**due to its belief that she would contract Ebola in the future" and (2) her employer discriminated based on her association with people with Ebola *Id.* at 1318-19 (emphasis added).

The Eleventh Circuit affirmed the dismissal of both claims. *Id*. at 1311. Noting that association discrimination "requires both a known association and a known disability," the Court held that an alleged belief that the employee would come into contact with unknown individuals with Ebola was "too attenuated to state an association discrimination claim." *Id*. at 1319. The

Court also rejected the claim that the employee's potential contact with Ebola-infected individuals "plausibly allege[d] a sufficient association or relationship with said unknown individuals with Ebola[.]" *Id*. In its analysis of the association discrimination claim, the *STME* Court was "persuaded" by the *Frelich* Court's reasoning and holding, which rejected an association discrimination claim based on a physician's relationship to disabled patients. *Id*. at 1320-21.

The Court's analysis in *Champion v. Mannington Mills, Inc.*, 538 F.Supp.3d 1344, 50 (M.D. Ga. 2021), perfectly illustrates why this case should be dismissed, with prejudice. In *Champion*, an employee claimed that she was discriminated against based on her association with her brother, who had tested positive for COVID-19. *Id*. at 1345-46. The trial court applied *STME* to dismiss the association discrimination claim with prejudice. *Id*. at 1350.

In its analysis, the *Champion* Court noted that there is "no caselaw" supporting the employee's position that an association discrimination claim can be based on a "regarded as" disability, rather than a "known" disability. *Id*. at 1350.[3] Put differently, "there is a difference between a 'known disability' upon which a claim for association discrimination can be based, and a 'disability' that encompasses the 'regarded as' prong." *Id*. at 1350. So, as the *Champion* court noted, *STME* holds that an association discrimination claim **cannot** be based on a plaintiff's association with a person "merely **regarded as** disabled," *Champion*, 538 F.Supp.3d at 1349 (citing *STME*).

---

[3] Plaintiffs will presumably rely on Judge Aileen Cannon's order in *U.S. v. Boca View Condo. Ass'n, Inc.*, *2023 WL 2534087* (S.D. Fla. Mar. 16, 2023) in their Response. But the only issue before Judge Cannon was whether the Department of Housing and Urban Development ("HUD") had a legitimate purpose in issuing subpoenas to investigate Piraino and Tremmel's claims – not whether Piraino and Tremmel stated plausible claims for discrimination under the FHA. *Id*. at *2-3. That order is neither binding nor persuasive on the issues before this Court.

As a threshold matter, Piraino states only that she "was working as an ICU Nurse during the COVID-19 pandemic," and does not plead any facts supporting an association with COVID-19 patients. Compl. at ¶ 4. Even if she were to plead facts supporting such an association, however, her claims would still fail under *Frelich*, *STME*, and *Champion*, for failure to establish a close association with an identified disabled person. Accordingly, any amendment giving leave to plead those facts would be futile.

Tremmel's claim, which simply stacks a second impermissible association claim upon Piraino's, is far more attenuated than any of the claims dismissed in *STME* and *Champion*, and should be dismissed with prejudice as well.

### B. The Complaint does Not Establish that Piraino or Tremmel are Persons Protected by the FHA.

While not expressly alleged, Plaintiffs have failed to (and cannot) plausibly allege that Piraino suffered from a disability, or that Defendants "regarded her" as such. Perceived susceptibility to COVID-19 infection or transmission is not a disability under the FHA.

A physically healthy person who is perceived as susceptible to future illness is not, on that basis, "regarded as" having a disability under federal antidiscrimination laws. *STME*, 938 F.3d at 1315 (11th Cir. 2019); *see also Norris v. Honeywell Int'l, Inc.*, 2023 WL 6256183 at *11 (M.D. Fla. Sept. 26, 2023) (dismissing, with prejudice, ADA claim that Plaintiffs were "regarded as" disabled due to perceived susceptibility to COVID-10 based on vaccination status).

Again, *STME* is directly controlling on this point. In *STME*, the EEOC brought a "regarded as" discrimination claim based on allegations that the employer *regarded* the employee as disabled "due to its belief that she would contract Ebola in the future." *STME*, 938 F.3d at 1315. The Eleventh Circuit rejected the claim, concluding that the "regarded as" theory of

liability "does not, by its terms, extend to an employer's belief that an employee might contract or develop an impairment in the future." *Id.* at 1316. Noting that its decision was consistent with the EEOC's interpretive guidance, the Eleventh Circuit explained that "if a predisposition to developing a disease in the future is not a physical impairment, by analogy, we do not see how [a] heightened risk of developing the disease ... in the future ... constitutes a physical impairment either." *Id.* at 1317. The Eighth, Ninth, and Tenth Circuits all agree that predisposition to an illness or disease is not a disability under the ADA. *See, e.g., Shell v. Burlington N. Sante Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019) (collecting cases).

*STME* has been widely applied by district courts to dismiss discrimination claims based on susceptibility or perceived susceptibility to COVID-19 on confirms that Pirano's susceptibility (or perceived susceptibility) to COVID-19. *See Hayes v. Disney Parks, Exps., & Prods., Inc.*, 2024 WL 1830873 at *11 (M.D. Fla. Mar. 21, 2024) (dismissing, with prejudice, ADA claim alleging that plaintiff was regarded as susceptible to COVID-19 based on her vaccination status); *Holland v. 3M Co.*, 2023 WL 11804583 at *4-5 (N.D. Ga. Nov. 9, 2023) (same); *Norris*, 2023 WL 6256183 at *11 (M.D. Fla. Sept. 26, 2023) (same); *Kim v. PGA Tour*, 2024 WL 280297 at *5 (M.D. Fla. Jan. 25, 2024) (same).

As further confirmation of why Plaintiffs' claims are due to be dismissed, the Eleventh Circuit has recently applied *STME* to affirm the dismissal of discrimination claims that were based on susceptibility or perceived susceptibility to COVID-19 infection and transmission. *Pajer v. Walt Disney Co.*, 2025 WL 1826050 at *4 (11th Cir. Jul. 2, 2025); *Conard v. Chanel, Inc.*, 2025 WL 831346 at *2 (11th Cir. Mar. 17, 2025).

Here, as in *STME*, the complaint does not allege that Piraino was "regarded as" anything other than a healthy adult[4] who could potentially be exposed to COVID-19 through her employment. Even taking all inferences in Plaintiffs' favor, Piraino has failed to plausibly assert that Defendants regarded Piraino as disabled, under *STME* and *Pajer*, within the meaning of the FHA. Tremmel's claim, which is entirely derivative of Piraino's, fails for the same reasons. This Court should dismiss both claims with prejudice.

### C. The Claims Against Ms. Kuka Should Be Dismissed.

The Complaint alleges that "all acts by Kuka were done in her own capacity and in her capacity as the President of BOCA View." Compl. at ¶ 8. But the Complaint does not plausibly allege any discriminatory conduct by Ms. Kuka, or that she had the power or authority to deny Piraino's application (either individually or as a member of Boca View's board). Beyond that, the conduct alleged is firmly protected by Florida's business judgment rule. For these additional reasons, the claims should be dismissed as to Ms. Kuka.

The only conduct attributed to Ms. Kuka is a single alleged statement that she did not want nurses to move into the building. *Id*. at ¶¶ 11-12. But being a nurse is not a disability or handicap within the meaning of the FHA or ADA. Even if Ms. Kuka made this statement (which

---

[4] Although the Complaint does not allege that Piraino *herself* was regarded as being infected with COVID-19, the prevailing view in federal courts – even at the motion to dismiss stage - is that COVID-19 infection is not a "disability" under the ADA. *See Champion*, 538 F.Supp.3d at 1349; *see also Gray v. Winco Foods, LLC*, 683 F.Supp.3d 571, 588 (E.D. Tex. 2023) ("This Court agrees with other courts across the country that merely being infected with COVID-19 and experiencing short-term symptoms . . . does not constitute a disability under the ADA"); *Earl v. Good Samaritan Hosp. of Suffern, NY*, 625 F.Supp.3d 292, 306-307 (S.D. N.Y. 2022) (dismissing, with prejudice, discrimination claim based on COVID-19 infection as disability); *McCone v. Exela Techs., Inc.*, 2022 WL 801772 at *4 (M.D. Fla. Jan. 14, 2022) (recommending dismissal of discrimination claim because COVID-19 infection does not qualify as an ADA disability).

she did not), it is not discriminatory under the FHA. Without more, the claims against Ms. Kuka should be dismissed on this basis.

Separately, there are no factual allegations, plausible or otherwise, that Ms. Kuka, individually or as president of the board, had any authority, control, or discretion over Piraino's application. *See Meadowbriar Home for Child, Inc. v. Gunn*, 81 F.3d 521, 531 (5th Cir. 1996) ("It if axiomatic that for an official to make a dwelling unavailable [under the FHA], that official must first have the power and authority to do so"). On this basis, as well, the claims against Ms. Kuka should be dismissed.

The Fourth District's recent decision in *Park Crossing Homeowner's Ass'n, Inc. v. Suarez*, --- So.3d ---, 2025 WL 1241795 at *13 (Fla. 4th DCA 2025), which applies *Meadowbriar*, is instructive here. In *Suarez*, the Fourth District held that the trial court erred in setting aside a directed verdict in favor of a condominium board member and association. *Id*. The evidence for personal liability, which included a noise complaint filed by the board member against the plaintiffs and the board member's vote to file a lawsuit against the plaintiffs, constituted an FHA violation. *Id*. Here, as in *Suarez*, there is no allegation that Ms. Kuka (either individually or as president of Boca View) engaged in any conduct that would plausibly constitute an FHA violation.

Finally, and to the extent she is sued in her capacity as a member the Board of Directors of Defendant Boca View, Ms. Kuka is protected by Florida's business judgment rule. Under Florida's business judgment rule, a Court presumes that corporate officers and directors acted in good faith. *In re Bal Harbour Club, Inc.*, 316 F.3d 1191 (11th Cir. 2003); *Cottle v. Storer Comm., Inc.*, 849 F.2d 570, 574 (11th Cir. 1988). Officers and directors are protected by the business judgment rule, "no matter how poor their business judgment, unless they acted fraudulently,

illegally, oppressively, or in bad faith." *Id*. (quoting *FDIC v. Stahl*, 89 F.3d 1510, 1517 (11th Cir. 1996)). Put differently, officers and directors are presumptively not liable unless a showing is made of fraud, illegality, oppressiveness, or bad faith. *Id*.

Defendants acknowledge that although courts considering the subject have described the business judgment rule's application as "questionable" at the motion to dismiss stage, *see, e.g., F.D.I.C. v. Stahl*, 840 F.Supp.124, 128 (S.D. Fla. 1993), a complaint is subject to dismissal under Rule 12(b)(6) "so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 107, 1069 (11th Cir. 1984). In other words, while "the claim may be adequately stated . . . [it] may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating." *Id*. And, at least one trial court in the Eleventh Circuit has observed that "*Twombly* and *Iqbal* appear to expand the right to have business judgment considered pursuant to a motion to dismiss." *Heard v. Perkins*, 441 B.R. 701, 710-11 (N.D. Ala. 2010).

In this case, facts supporting the application of the business judgment rule as to Ms. Kuka plainly appear on the face of the Complaint. The Complaint alleges that the board of Boca View denied Piraino's rental application during the initial outbreak of COVID-19 in the United States based on the perceived potential risk of COVID-19 transmission to residents associated with Piraino's job as an ICU Nurse. Even assuming that this were true and even construing the allegations in the light most favorable to Plaintiffs, the Complaint claims that the Board acted to protect the health and safety of its residents, and not out of any animus for Piraino, during an extremely uncertain, dangerous, and unprecedented time in American history. These allegations plainly do not establish fraud, illegality, oppressiveness, or bad faith, as required to defeat the presumption of good faith established by the business judgment rule.

**CASE NO. 25-cv-80794-Middlebrooks/Matthewman**

For these reasons, Ms. Kuka should be dismissed, with prejudice, from this action.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order dismissing Plaintiffs' Complaint, and for such other and further relief as the Court deems just and proper.

Dated: August 4, 2025

Respectfully submitted,

By: /s/ Jared W. Whaley
**Jared W. Whaley, Esq.**
Florida Bar No. 107774
jwhaley@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 4, 2025, on all counsel or parties of record on the Service List below.

**SERVICE LIST**
*Tremmel, et al. v. Boca View Condominium Association, Inc., et al.*
**CASE NO. 25-cv-80794-Middlebrooks/Matthewman**

**CASE NO. 25-cv-80794-Middlebrooks/Matthewman**

| | |
|---|---|
| **Matthew W. Dietz, Esq.**<br>mdietz@nova.edu<br>**DISABILITY INCLUSION &**<br>**ADVOCACY LAW CLINIC**<br>Nova Southeastern University<br>Shepard Broad College of Law<br>3305 College Avenue<br>Fort Lauderdale, FL 33314<br>Telephone: (954) 262-6138<br><br>*Counsel for Plaintiffs* | |

By:   */s/ Jared W. Whaley*
       Jared W. Whaley

13